UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY TADEO, AS TRUSTEE OF THE JOHN E. MILBAUER TRUST, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:20-CV-00147-G |
| GREAT NORTHERN INSURANCE COMPANY and MICHAEL McDOWELL, | ) ) ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are three motions. First is the defendant Great Northern

Insurance Company ("Great Northern")'s motion to deny plaintiff Ricky Tadeo

("Tadeo")'s claim for attorneys' fees.  Defendant's Motion to Deny Plaintiff's Claim

for Attorneys' Fees ("Motion to Deny Attorneys' Fees") (docket entry 9).  Second is

the plaintiff's motion to remand.  Plaintiff's Motion to Remand ("Motion to

Remand") (docket entry 11).  Third is Great Northern's motion to dismiss the claims

against defendant Michael McDowell ("McDowell") with prejudice.  Defendant

Great Northern Insurance Company's Motion to Dismiss Claims against Defendant

Michael McDowell ("Motion to Dismiss") (docket entry 19).  For the reasons set

forth below, the motion to deny attorneys' fees is GRANTED, the motion to remand is DENIED, and the motion to dismiss is DENIED.

## I.  BACKGROUND

### A.  Factual Background

The plaintiff purchased property insurance from Chubb[1] to cover losses to the properties located at 1010 W. Mockingbird Lane, Dallas, TX 75247 and 7101 Envoy Court, Dallas, TX 75247.  Plaintiff's Original Petition and Requests for Disclosure, attached to Defendant Great Northern Insurance Company's Notice of Removal as Exhibit A-3-a ("Original Petition") (docket entry 1-6) at 2.  The policy period was from December 2, 2016 to December 2, 2017.  *Id.*  On approximately April 10, 2017, the plaintiff claims that a wind and hail storm damaged his property.  *Id* at 2-3.  The plaintiff subsequently reported the damage to Chubb.  *Id.*  Chubb assigned McDowell as its adjuster in order to investigate and adjust the claim.  *Id.* at 3.  In addition, McDowell retained Nelson Forensics ("Nelson"), an engineering firm, to inspect and estimate the cost of repairs allegedly resulting from the storm.  *Id.*  The plaintiff alleges that Chubb hired Nelson "because the company and its investigating engineer are biased for insurers and knows that they will give Chubb result-oriented reports and estimates on which Chubb can deny or under pay an insured's storm damage insurance claim."  *Id.*

---

[1] The plaintiff purchased insurance from Chubb, but sues Great Northern.

The plaintiff then retained his own adjuster, Brian Revere ("Revere"), and a roofing and damage consultant, Larry Sanford ("Sanford"). *Id.* The plaintiff also hired Ellis Air Conditioning and Heating ("Ellis") to inspect damage to the HVAC units on the plaintiff's properties. *Id.* On August 27, 2017, Sanford estimated that the storm caused $780,508.43 in damages to the plaintiff's roofs and HVAC units. *Id.* Ellis determined that the storm caused $497,641.04 in damage to the HVAC units at the plaintiff's property. *Id.* The plaintiff and Revere submitted that information to Chubb. *Id.*

Nelson disagreed with the plaintiff's consultants' findings and determined that the storm had not caused any damage to the plaintiff's roofs. *Id.* In addition, Nelson posited that any damage to the plaintiff's property had occurred before the policy inception date. *Id.* Nelson also said that the storm in question "only caused some minor damage to Plaintiff's HVAC condenser fins of the roof mounted units." *Id.* In a letter dated December 19, 2017, the defendants denied the plaintiff's claim for roof damage from the storm, and wrote that the damage to the plaintiff's HVAC units was below his deductible, and thus, that Great Northern would not make a payment. *Id.* at 3-4.

## B.  Procedural Background

On December 10, 2019, the plaintiff filed his original petition and requests for disclosure in the 14th Judicial District Court of Dallas County, Texas against Great

Northern and McDowell.  *Id.* at 1.  On December 19, 2019, the plaintiff served Great Northern his original petition.  Defendant Great Northern Insurance Company's Notice of Removal ("Notice of Removal") (docket entry 1) at ¶ 4.  On January 8, 2020, Great Northern and McDowell retained James Holbrook ("Holbrook") as their attorney in this matter.  Email from Defendants' Attorney to Plaintiff's Attorney, attached to Notice of Removal as Exhibit A-4 ("Email") (docket entry 1-7).  In that same email, Holbrook informed the plaintiff that, pursuant to Texas Insurance Code § 542A.006, Great Northern would "accept any liability Michael McDowell may have to [the plaintiff] for the alleged acts and/or omissions referenced in Plaintiff's Original Petition and/or any other alleged acts and/or omissions relating to the . . . claim."  *Id.*  Holbrook then requested that the plaintiff voluntarily dismiss the claims asserted against McDowell pursuant to Texas Insurance Code § 542A.006.  *Id.*  On January 15, 2020, the plaintiff's attorney notified Holbrook that he would not dismiss McDowell unless Holbrook agreed to keep the case in state court.  Email from Plaintiff's Attorney to Defendant's Attorney, attached to Defendant Great Northern's Brief in Support of Motion to Dismiss as Exhibit A (docket entry 20-1).

On January 13, 2020, Great Northern filed its answer to the plaintiff's original petition.  Defendant Great Northern's Answer to Plaintiff's Original Petition and Requests for Disclosure, attached to Notice of Removal as Exhibit A-3-b ("Answer") (docket entry 1-6) at 1.  On January 14, 2020, the plaintiff began attempting service

on McDowell.  Plaintiff's Motion for Substituted Service, attached to Plaintiff's Brief in Support of Motion to Remand ("Motion for Substituted Service") (docket entry 12-3) at 4.  On January 21, 2020, Great Northern removed this action to federal court on the basis of diversity jurisdiction.  *See* Notice of Removal.  On February 12, 2020, another attorney, Eric Grogan, appeared as counsel of record for Great Northern and McDowell.  Defendants' Notice of Appearance of Counsel (docket entry 8).

On February 20, 2020, after removal to federal court, the plaintiff filed a motion for substituted service in state court in which the plaintiff alleged that his process server was unable to serve McDowell after seven attempts.  *See* Motion for Substituted Service.  The state court did not rule on the motion.

On February 12, 2020, Great Northern filed a motion to deny the plaintiff's claim for attorneys' fees and brief in support.  *See* Motion to Deny Attorneys' Fees, Brief in Support of Motion to Deny Attorneys' Fees (docket entries 9 & 10).  On March 4, 2020, the plaintiff filed his response to the motion to deny attorneys' fees and brief in support.  *See* Response to Motion to Deny Attorneys' Fees, Brief in Support of Response to Motion to Deny Attorneys' Fees (docket entries 13 & 14). On March 18, 2020, Great Northern filed its reply in support of its motion to deny attorneys' fees.  *See* Reply to Motion to Deny Attorneys' Fees (docket entry 16).

On February 20, 2020, the plaintiff filed a motion to remand the proceedings to state court and brief in support.  *See* Motion to Remand, Brief in Support of Motion to Remand (docket entries 11 & 12).  On March 12, 2020, Great Northern filed its response to the motion to remand.  *See* Response to Motion to Remand (docket entry 15).  On April 15, 2020, Great Northern filed an opposed motion for leave to file a supplemental response to the plaintiff's motion to remand and brief in support (docket entries 17 & 18), which the court granted (docket entry 25).  On May 26, 2020, Great Northern filed its supplemental response and brief in support. *See* Supplemental Response to Motion to Remand (docket entry 27); Brief in Support of Supplemental Response to Motion to Remand ("Brief in Support of Supplemental Response") (docket entry 28).

On April 17, 2020, Great Northern filed a motion to dismiss the plaintiff's claims against McDowell with prejudice and brief in support.  *See* Motion to Dismiss, Brief in Support of Motion to Dismiss (docket entries 19 & 20).  On May 7, 2020, the plaintiff filed his response to the motion to dismiss.  Response to Motion to Dismiss (docket entry 22).  On May 21, 2020, Great Northern filed its reply in support of its motion to dismiss.  *See* Reply to Motion to Dismiss (docket entry 26). All three motions are now ripe for decision.

## II. ANALYSIS

### A. Motion to Remand

A civil case that is removable solely based on diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In this case, McDowell is a citizen of Texas. Thus, if he was properly joined and served at the time of removal, this case cannot be removed and it must be remanded.

#### 1. *Improper Joinder*

The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005). The first of these two grounds is not applicable to this case. To satisfy the second test for improper joinder, the defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Furthermore, the Smallwood court held that "[s]ince the purpose of the improper joinder inquiry is to determine whether or

not the in-state defendant was properly joined, the focus of the inquiry must be on

the joinder, not the merits of the plaintiff's case." *Id.* at 573.

Where, as here, a plaintiff asserts a claim under Chapter 542A of the Texas

Insurance Code, a plaintiff is required to give the defendant 60 days presuit notice in

order to encourage settlement and allow the insurance company the opportunity to

elect to accept liability for any adjusters who may be involved. Tex. Ins. Code

§§ 542A.003 & 542A.006.  Section 542A.006(b) of the Texas Insurance Code

provides that:

> If an insurer makes an election under Subsection (a) before a claimant files an
> action [(*i.e.* during the 60 day presuit notice period)] to which this chapter
> applies, no cause of action exists against the agent related to the claimant's
> claim, and, if the claimant files an action against the agent, the court shall
> dismiss that action with prejudice.

Tex. Ins. Code § 542A.006(b).  Likewise, "[m]ost district courts in Texas agree that

when an insurer files an election of responsibility *after* the plaintiff commences suit in

state court, there is no improper joinder based on section 542A.006." *Williams v.*

*Allstate Vehicle* & *Property Insurance Co.*, No. 3:19-CV-0320-N, 2019 WL 3304684, at

*3 (N.D. Tex. July 23, 2019) (Godbey, J.) (emphasis in original) (footnote omitted).

Here, the court concludes that McDowell was not improperly joined.  The

court's reasoning in *River of Life Assembly of God v. Church Mutual Insurance Company*,

No. 1:19-CV-49-RP, 2019 WL 1767339 (W.D. Tex. Apr. 22, 2019), is instructive.

In *River of Life*, the plaintiff sued its insurance provider and the insurance provider's

- 8 -

adjuster in a Texas state court to dispute the manner in which the plaintiff's insurance claim was handled.  *River of Life*, 2019 WL 1767339 at *1.  After the suit was filed, the defendant insurance company accepted liability for its adjuster and removed the case to federal court on the bases of diversity jurisdiction, despite the fact that the adjuster was a citizen of Texas.  *See id.* at *1-2.  In considering whether the adjuster should be dismissed from the case for improper joinder, the court held that even though the plaintiff could not recover from the adjuster due to the insurance company's election of liability, the joinder itself, when it happened, was not improper because the election of liability was not made until after the adjuster was joined.  *Id.* at *3.  Furthermore, when the joinder occurred, the plaintiff in *River of Life* was able to recover against the non-diverse defendant.  *Id.*  It was only after the insurance company elected to accept liability of the non-diverse defendant that the plaintiff was no longer able to recover against that individual.  *Id.*

On the other hand, a handful of courts in Texas have held that even if an insurer elects to accept liability for an adjuster post-suit, the adjuster should still be dismissed and diversity exists because the plaintiff cannot recover against the adjuster.  See, e..g., *Bexar Diversified MF-1, LLC v. General Star Indemnity Co.*, No. SA-19-CV-773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019) ( "[W]here a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-

diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes.").

Here, it is undisputed that the plaintiff did not provide Great Northern with presuit notice.  Original Petition at 4.  Great Northern argues that, although it elected to accept liability for McDowell after suit was filed, it did so early in the case and it never had the opportunity to accept liability because the plaintiff did not provide the requisite notice.  Brief in Support of Supplemental Response at ¶ 25.

However, when presuit notice is not given, the proper remedy is not dismissal of the adjuster, but abatement of the action.  See *Yarco Trading Company, Inc. v. United Fire & Casualty Co.*, 397 F. Supp. 3d 939, 951 (S.D. Tex. 2019) (concluding that, where the plaintiff did not provide presuit notice and the defendant elected to accept liability while still in state court and subsequently removed to federal court, dismissal of the adjuster was improper and instead abatement in state court was the proper remedy); see also *In re Behr*, No. 04-05-895-CV, 2006 WL 468001, at *3 (Tex. App—San Antonio 2006, no pet.) (finding that abatement of the action was the appropriate remedy for failure to give the requisite presuit notice in an insurance case).  Section 542A.005(a)(1) of the Texas Insurance Code further states that abatement in state court is the proper remedy for failure to give presuit notice.[2]

---

[2] The purpose of  abatement under the Texas Insurance Code is to "'discourage litigation and encourage settlements of consumer complaints' . . . by allowing the

Following the improper joinder test laid out by the court in *Smallwood*, it is evident the plaintiff's joinder of McDowell in this case was proper. At the time of the joinder, Great Northern had not yet elected to accept liability for McDowell and thus, there was still a possibility of recovery against McDowell. Furthermore, § 542A.005(a)(1) of the Texas Insurance Code makes clear that the proper remedy for a violation of the presuit notice requirement would have been abatement of the action in state court, not dismissal of the adjuster.

Therefore, the court concludes that McDowell was properly joined at the time the joinder occurred.

## 2. *Waiver of Service*

In order to effectuate a remand under 28 U.S.C. § 1441(b)(2), the plaintiff must also prove that McDowell was properly served (or waived service). The plaintiff argues that, although McDowell has not been served, he has waived service and thus this case is not removable. Brief in Support of Motion to Remand at 10. Great Northern agrees that McDowell was never properly served but counters that McDowell has not waived service and thus the case can be removed. Notice of

---

defendant-insurer a right and opportunity to make a settlement offer." *Perrett v. Allstate Insurance Company*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018) (quoting *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). While abatement "would change neither the date the suit was filed nor the time of joinder," it would have at least afforded Great Northern the opportunity to engage in settlement discussions. *Yarco Trading*, 397 F. Supp. 3d at 951.

Removal ¶ 13.  The court agrees with Great Northern that McDowell was never properly served and has not waived service.

The plaintiff filed this suit in state court on December 10, 2019, and served Great Northern on December 19, 2019.  Notice of Removal ¶¶ 1, 4.  Great Northern elected to accept liability for McDowell on January 8, 2020 and Great Northern (not McDowell) answered in state court on January 13, 2020.  *See* Email; *see also* Answer. Finally on January 14, over a month after the case was filed, the plaintiff began to attempt service on McDowell.  Motion for Substituted Service at 4.  The plaintiff attempted to serve McDowell seven times between January 14 and February 10, 2020, all to no avail.  *Id.* at 4-5.  After failing to serve McDowell, the plaintiff, for reasons unclear to the court, filed a motion for substituted service *in state court*, almost a month after this case was removed to federal court, thus depriving the state court of jurisdiction.  *Id.* at 1.  The state court did not rule on the motion.  See *id.*

It is undisputed that McDowell has not been served.  Instead, the plaintiff argues that because (1) defense counsel represents McDowell, (2) defense counsel signed all documents as "Counsel for Defendants," and (3) a second attorney, Eric Grogan, appeared on behalf of McDowell, McDowell waived service.  Brief in Support of Motion to Remand at 10.  These arguments are unpersuasive and do not give rise to a waiver of service.

A waiver of service can occur when a party enters a general appearance. *Marquette Business Inc. v. America's Kitchen, Inc.*, No. 3:09-CV-1937, 2010 WL 1711767, at *3 n.5 (N.D. Tex. Apr. 28, 2010) (Fitzwater, Chief J.).  "A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court."  *Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam).  However, "the mere presence in court by an attorney retained as counsel by a party does not constitute a general appearance by the party, unless the attorney seeks a judgment or an adjudication on some question."  *In re C.T.*, No. 13-12-00006-CV, 2012 WL 6738266, at *11 (Tex. App.—Corpus Christi-Edinburg 2012, no pet.).

While defense counsel represents McDowell, all pleadings filed have been filed exclusively by Great Northern and seek relief only with respect to Great Northern.  The only place McDowell's name ever appears is in the case captions.  Counsel has consistently filed pleadings as "Defendant Great Northern Insurance Company" and only alluded to McDowell in the signature block when signing the pleading "Counsel for Defendants."  The mere presence of the pluralization of "defendant" cannot possibly be construed as "invok[ing] the judgment of the court" or "seek[ing] affirmative action from the court" on McDowell's behalf.  See *Exito Electronics*, 142 S.W.3d at 304.  Indeed, courts in Texas generally require much more for a waiver of

- 13 -

service.  See, e.g., *Alcala v. Williams*, 908 S.W.2d 54, 56 (Tex. App.—San Antonio 1995, no writ) (finding that an attorney filed a plea in abatement and participated in two hearings on behalf of the defendant, thus waiving any complaints concerning defective service); *In re C.T.*, 2012 WL 6738266, at *11 (finding that the appellant's counsel participated in a telephonic hearing, made requests on the appellant's behalf, and sought judgment on the appellant's behalf, thus waiving service of process).

The court finds that, although McDowell was properly joined as a defendant, he was not properly served and has not waived service, with the result that this case may be removed to federal court.  This decision is consistent with a recent Fifth Circuit case in which the court held: "[b]y its text, . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."  *Texas Brine Co., L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2nd Cir. 2019)).

Therefore, the plaintiff's motion to remand is DENIED.

### B.  Motion to Dismiss

#### 1.  *Legal Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina*

*Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of

- 15 -

relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (quoting Federal Rule of Civil Procedure 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." *See id*. at 679, 683.

## 2. *Application*

The bulk of Great Northern's argument for the dismissal of McDowell is that Great Northern elected to accept liability for McDowell, and thus, pursuant to Texas Insurance Code § 542A.006, he ought to be dismissed. *See* Brief in Support of Motion to Dismiss at 4-6. Great Northern argues that McDowell was improperly joined, and that the plaintiff's "vague and conclusory allegations . . . fail to establish a reasonable possibility of recovery against McDowell." Reply to Motion to Dismiss ¶¶ 4, 11.

While Great Northern has elected to accept whatever liability, if any, McDowell has in this action, the court is not convinced that an election of liability leads to the conclusion that the plaintiff does not have a claim against McDowell.

First, Great Northern's argument that McDowell must be dismissed because Great Northern accepted liability post-suit (despite not receiving presuit notice) is incorrect because the proper remedy for such a violation was abatement of the action in state court, not dismissal of the individual defendant.  *See* Tex. Ins. Code § 542A.005(b)(1) ("The court shall abate the action if the court finds that the person filing the plea in abatement . . . did not, for any reason, receive a presuit notice complying with Section 542A.003"); see also *Yarco Trading*, 397 F. Supp. 3d at 951 ("even assuming that Plaintiffs' pre-suit notice was inadequate, the remedy for such inadequacy is abatement of the action . . .").  The court cannot dismiss the causes of action against McDowell under Texas Insurance Code § 542A.006(c) because, as discussed above, Great Northern only accepted liability for McDowell after the suit was commenced which, according to the majority of federal courts in Texas, requires the adjuster to remain in the case.  See *Williams v. Allstate*, 2019 WL 3304684, at *3 (finding that an election of responsibility after the suit is commenced in state court does not lead to dismissal of the claims against the non-diverse adjuster); *River of Life v. Church Mutual*, 2019 WL 1767339 at *3 (same); *Stephens v. Safeco Insurance Company of Indiana*, No. 4:18-CV-595, 2019 WL 109395, at *7 (E.D. Tex. Jan. 4,

2019) (same); *Trentin v. Allstate Vehicle and Property Insurance Company*, No. 3:19-CV-378, 2019 WL 2374163, at *6-7 (N.D. Tex. May 14, 2019) (Horan, M.J.), report and recommendation adopted by *Trentin v. Allstate Vehicle and Property Insurance Company*, No. 3:19-CV-378, 2019 WL 2372943 (N.D. Tex. June 5, 2019) (Kinkeade, J.) (same).

Second, Great Northern half-heartedly argues in its reply that under a classic Rule 12(b)(6) analysis, the plaintiff has not stated a claim against McDowell because the claims are "non-specific and conclusory." Reply to Motion to Dismiss ¶ 14. However, it is clear from the plaintiff's original petition that his claims against McDowell have been pled thoroughly enough to survive a Rule 12(b)(6) motion.

Among the plaintiff's contentions are that: McDowell hired a biased engineer, Nelson Forensics, that "failed to conduct a reasonable investigation on the claim;" McDowell violated the Deceptive Trade Practice-Consumer Protection Act ("DTPA") by failing to properly investigate the plaintiff's claim, failing to pay for proper repairs, and unreasonably delaying the investigation; and McDowell violated Chapter 541 of the Texas Insurance Code by failing to properly investigate the plaintiff's claim, unreasonably delaying the adjustment, hiring biased engineers, and engaging in unfair claims settlement practices. Original Petition at 3-4, 5-7. The plaintiff has laid out in detail McDowell's hiring of certain engineers, his adjustment of the claims, and the timeline of the events (discussed in Section I.A. of this opinion). At this juncture, it

is not evident to the court that the plaintiff's allegations against McDowell are so

threadbare as to warrant dismissal.

Accordingly, Great Northern's motion to dismiss is DENIED.

### C.   Motion To Deny Attorneys' Fees

The third and final motion for consideration by the court is the defendant's

motion to deny attorneys' fees.  Section 542A.007(d) of the Texas Insurance Code

reads:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court.  A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

Tex. Ins. Code § 542A.007(d).  The plaintiff admits in his original petition that he

did not provide Great Northern with presuit notice.  Original Petition at 2.  The

plaintiff further contends that giving presuit notice was "rendered impracticable by

reason of the necessity of filing suit in order to prevent the potential expiration of a

statute of limitations applicable to this claim."  *Id.*  Notice is deemed to be

impracticable if "the claimant has a reasonable basis for believing there is insufficient

time to give the presuit notice before the limitations period will expire."  Tex. Ins.

Code § 542A.003(d)(1).

- 19 -

Only a handful of cases in the federal courts in Texas have considered the meaning of "impracticability" in this context.  In *J.P. Columbus Warehousing, Inc. v. United Fire Casualty Company*, the court noted the lack of precedent for motions to deny attorneys' fees under § 542A.007(d) of the Texas Insurance Code because of its September 1, 2017 enactment.  No. 5:18-CV-100, 2019 WL 453378, at *3 (S.D. Tex. Jan. 15, 2019), report and recommendation adopted by *J.P. Columbus Warehousing, Inc. v. United Fire and Casualty Co*, No. 5:18-CV-100, 2019 WL 450681 (S.D. Tex. Feb. 4, 2019). There, like the facts of this case, the plaintiff failed to provide the requisite presuit notice and claimed it was because the statute of limitations was expiring.  *Id.*  The court determined, however, that the plaintiff had ample time to file before the expiration of the two-year statute of limitations, and that there was no justification for the plaintiff's delay.  *Id.* at *3-4.

The plaintiff in this case had his insurance claim denied on December 19, 2017 and had estimates from multiple professionals at that time about how much it would have cost to fix the properties.  Original Petition at 2-4.  Rather than timely file his presuit notice, the plaintiff decided to wait until the last possible moment and then, citing no reason in particular, he claimed impracticability.  A finding of impracticability, however, ought to be reserved for those instances in which presuit notice genuinely cannot be provided; a plaintiff should not be allowed to skirt the important requirements of the Texas Insurance Code by engaging in dilatory tactics.

- 20 -

See *Cleo Bustamante Enterprises, Inc. v. Lumbermens Mutual Casualty Co.*, No. Civ.A.SA-05-CA0433XR, 2015 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (finding no impracticability where the plaintiff had not "offered any proof as to why the proper notice, including the amount of economic damages, expenses, and attorneys' fees reasonably occurred, could not have been given" 60 days prior to filing suit).  Given that the plaintiff had two years to file his case, his argument for impracticability is unsubstantiated.

In addition, the plaintiff attempts to change his argument in his response by urging that, to the extent notice was required, he actually did provide it.  Response to Motion to Deny Attorneys' Fees at 8.  The Texas Insurance Code reads, in pertinent part, that presuit notice must contain "a statement of the acts or omissions giving rise to the claim."  Tex. Ins. Code § 542A.003(b)(1).  The plaintiff argues that correspondence between his adjuster and McDowell during the adjustment period are sufficient to meet the presuit notice requirement.  Response to Motion to Deny Attorneys' Fees at 9.  However, at the time of the correspondence, Great Northern had not yet denied the plaintiff's claim.  Reply to Motion to Deny Attorneys' Fees at 7-8.  The plaintiff could not have provided presuit notice of his legal claim before the claim existed; thus, the court concludes that the plaintiff did not provide presuit notice to Great Northern.

Therefore, the defendant's motion to deny attorneys' fees is GRANTED.

- 21 -

III.  <u>CONCLUSION</u>

For the reason's stated above, the plaintiff's motion to remand is **DENIED**, the defendant's motion to dismiss is **DENIED**, and the defendant's motion to deny attorneys' fees is **GRANTED**.

**SO ORDERED**.

July 27, 2020.

_A. Joe Fish_
A. JOE FISH
Senior United States District Judge